1  Daniel J. O'Connor (motion for *pro hac vice* pending)
2  Omar Galaria (motion for *pro hac vice* pending)
   **Baker & McKenzie LLP**
3  300 E. Randolph Street
   Chicago, IL 60601
4  Telephone: +1 312 861 8000
   Facsimile:  +1 312 925 7153
5  Daniel.O'Connor@bakermckenzie.com
   Omar.Galaria@bakermckenzie.com
6
   Todd G. Friedland (SBN 187022)
7  **Stephens Friedland LLP**
   4695 MacArthur Court, Suite 310
8  Newport Beach, CA 92660
   Telephone: +1 949.468.3200
9  Facsimile: +1 949.468.3201
   todd@sf-lawyers.com
10
   *Attorneys for Non-Party Himax Imaging Corp.*
11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15  ASUS COMPUTER            **CASE NO.: CV13-02176 SJO (FFMx)**
    INTERNATIONAL,
16                           **Magistrate Frederick F. Mumm**
            Plaintiff,
17                           **Related Action Pending in the United**
        v.                   **States Court for the Northern District**
18                           **of California (3:12-cv-2099)**
    ROUND ROCK RESEARCH, LLC,
19                           **DISCOVERY MATTER**
            Defendant.
20
                             **JOINT STIPULATION PURSUANT**
21  ROUND ROCK RESEARCH, LLC, **TO LOCAL CIVIL RULES 45 AND**
                             **37 RELATING TO HIMAX**
22          Plaintiff,        **IMAGING'S OBJECTIONS TO**
        v.                    **ROUND ROCK'S SUBPOENA**
23                            ***DUCES TECUM***
    ASUSTEK COMPUTER INC. and
24  ASUS COMPUTER             Date:        May 14, 2013
    INTERNATIONAL,            Time:        10:00 a.m.
25                            Courtroom:   E
            Defendants.       Judge:       Frederick F. Mumm
26

27

28

1

2   BLACK CHANG & HAMILL LLP
    Peter H. Chang (SBN 241467)
3   pchang@bchllp.com
    Bradford J. Black (SBN 252031)
4   bblack@bchllp.com
5   Andrew G. Hamill (SBN 251156)
    ahamill@bchllp.com
6   4 Embarcadero Center, Suite 1400
7   San Francisco, California 94111
    Telephone: 415-813-6210
8   Facsimile: 415-813-6222

9

10  DESMARAIS LLP
    Paul A. Bondor
11  pbondor@desmaraisllp.com
    Justin P.D. Wilcox
12  jwilcox@desmaraisllp.com
13  Jonas R. McDavit
14  jmcdavit@desmaraisllp.com
    Lauren M. Nowierski
15  lnowierski@desmaraisllp.com
    230 Park Avenue
16  New York, NY 10169
17  Telephone: 212-351-3400
    Facsimile: 212-351-3401
18

19  *Attorneys for Defendant Round Rock Research, LLC*

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

3

**Page**

4   I.   INTRODUCTORY STATEMENTS. ...............................................................1

5        A. Non-party Himax Imaging's Introductory Statement...........................1

6        B. Round Rock's Introductory Statement..................................................2

7   II.  ISSUE IN DISPUTE: WHETHER ROUND ROCK SHOULD BE
8        ALLOWED TO SUBPOENA DOCUMENTS FROM HIMAX.......................4

9        A.   Round Rock's Subpoena ..........................................................................4

10

11       B.   Non-party Himax Imaging Corporation's Contentions - Round
         Rock Should Not Be Allowed To Subpoena Himax Documents
12       When No Himax Products Are Identified in Round Rock's
         Infringement Contentions. .......................................................................9
13

14            1. The Facts.................................................................................9

15                 a. Summary.........................................................................9

16                 b. Status of the Underlying Case....................................10

17                 c. The Subpoena ...............................................................11

18                 d. Himax Imaging Meet and Confer Attempts...............11
19
20            2. Legal Standard.....................................................................12

21            3. Argument ..............................................................................14

22                 A.   The Round Rock Subpoena Is An Impermissible
                       Attempt to Circumvent the Patent Local Rules in the
23                     Northern District of California ............................................14

24                 B.   Himax Imaging Does Not Have the Information
25                     Sought by Round Rock. ........................................................17

26                 C.   Round Rock's Subpoena Is Overly Broad and Imposes
                       an Undue Burden in that it would Seek Discovery of
27                     Documents Located Outside the United States.
28                     Imposes an Undue Burden and are Overly Broad ..............18

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS
(continued)

Page

C. Round Rock's Contentions: Round Rock's Subpoena Seeks Himax Documents Relevant To The Claims And Defenses At Issue In The Underlying Litigation ..............................................................................19

1. Relevant Facts.....................................................................................19

2. Legal Standards ..................................................................................22

3. Argument............................................................................................23

    A.   Himax Imaging Has Not Met Its Burden to Quash or Modify Round Rock's Subpoena ....................................... 23

    B.   Himax Imaging's Arguments Relating to Round Rock's Infringement Contentions Distract the Court from The Ultimate Issue. ........................................................25

    C.   Himax Imaging Has Information Round Rock Seeks ........26

III. CONCLUSION ............................................................................................ 27

A.   Non-Party Himax Imaging's Conclusion .....................................27

B.   Round Rock's Conclusion .............................................................28

ii

1    Pursuant to Local Civil Rules 45 and 37, Non-party Himax Imaging Corporation
2 ("Himax Imaging") and Defendant and Counterclaim Plaintiff Round Rock Research,
3 LLC ("Round Rock") submit this Joint Stipulation in connection with Himax Imaging's
4 Objections to Round Rock's subpoena *duces tecum* served on Himax Imaging.

5 **I.**  **INTRODUCTORY STATEMENTS**

6   **A.**  **Non-Party Himax Imaging's Introductory Statement**

7    The issue in dispute pertains to a subpoena *duces tecum*, served on Himax
8 Imaging Corporation ("Himax Imaging") located in Irvine, California. The underlying
9 case is *ASUS Computer International* ("ASUS") *v Round Rock Research LLC* ("Round
10 Rock"), a declaratory judgment/patent infringement case pending in the Northern
11 District of California. Himax Imaging is not a party to the underlying case. The
12 subpoena was served by Round Rock, the patent holder. It is targeted toward a
13 product known as the Himax HM2050 image sensor.

14    The main bone of contention arises out of a fact that counsel for Himax Imaging
15 learned during the course of meet and confer with counsel for Round Rock -- that the
16 Himax HM2050 image sensor, or indeed any Himax product, is not identified in
17 Round Rock's Infringement Contentions ("ICs") in the underlying case. Thus, by
18 serving the subpoena on Himax Imaging, Round Rock is trying to take discovery on a
19 device that is not identified in its ICs as an "Accused Instrumentality". This is not
20 permitted under the Local Patent Rules in the Northern District of California
21 ("NDCA").

22    When this problem came to light, counsel for Round Rock indicated that they
23 learned about the Himax HM2050 image sensor in an interrogatory answer they
24 received from ASUS, apparently after they served their ICs., In the meet and confer
25 discussions preceding this joint stipulation, Round Rock's counsel indicated that they
26 were considering filing a motion for leave to amend their ICs to include the Himax
27 HM2050 as an "Accused Instrumentality." Under the case law, that is the proper
28 course to be pursued for a party that wants to take discovery on a part not identified as

1      an Accused Instrumentality in the ICs -- go before the presiding judge and seek leave
2      to amend the ICs. *See Mediatek, Inc. v. Freescale Semiconductor, Inc.*, 2013 U.S. Dist.
3      LEXIS 19568, *5-11 (N.D. Cal. Feb. 13, 2013) (requiring that "[i]f a party identifies
4      additional infringing products after service of the PICs, then it **must** move to amend
5      the PICs to include the additional accused products before seeking discovery on them.
6      This is the orderly process required by the Patent Local Rules and the case law in this
7      District.") (emphasis added); *Kelora Sys., LLC v. Target Corp.*, 2011 U.S. Dist. LEXIS
8      129859, *7-11 (N.D. Cal. Nov. 9, 2011)(denying discovery of products not accused in
9      ICs).

10          Himax Imaging's counsel urged Round Rock to do just that -- to withdraw the
11      subpoena served on Himax Imaging and file a motion to amend their ICs before the
12      presiding judge. If the motion is granted to allow them to amend and expand the
13      Accused Instrumentalities to include the Himax HM2050 image sensor, then Round
14      Rock could pursue the subpoena for discovery from Himax Imaging. Absent that, the
15      subpoena was improper, because it sought discovery on a product not identified as an
16      Accused Instrumentality in the ICs. Ultimately, Round Rock refused to withdraw its
17      subpoena, and thus Himax Imaging serves this joint stipulation. Himax Imaging does
18      not know whether or not Round Rock is simultaneously moving to amend their ICs
19      before the presiding judge. What is known is that the ICs have not been amended and
20      they do not identify any Himax product as an Accused Instrumentality. Therefore,
21      Round Rock should not be allowed to subpoena documents from Himax Imaging.

22          **B.**     **Round Rock's Introductory Statement**

23          This dispute is straightforward and involves whether non-party Himax Imaging
24      should be required to produce documents related to an image sensor identified in
25      discovery as a component of a product accused of infringing patents directed to image
26      sensors in a patent litigation. Defendant and counterclaim plaintiff in the underlying
27      lawsuit, Round Rock Research, LLC ("Round Rock") served a subpoena on non-party
28      Himax Imaging on January 7, 2013. The subpoena seeks documents relating to a

1

2    particular Himax Imaging image sensor, which plaintiffs and counterclaim defendants

3    ASUS Computer Incorporated and ASUSTeK Computer International have identified

4    in discovery as a component of product accused of infringing two image sensor patents

5    in the underlying lawsuit.

6         ASUS Computer International filed the underlying case on April 26, 2012 in the

7    District Court for the Northern District of California seeking a declaratory judgment of

8    non-infringement and invalidity of six Round Rock patents:    U.S. Patent Nos.

9    6,570,791, 6,765,276, 6,845,053, 6,930,949, 7,021,520, and 7,279,353 (collectively the

10   "patents-in-suit").  Round Rock counterclaimed against ASUS Computer International

11   and ASUSTeK Computer Inc. (collectively, "ASUS") for infringement of all six

12   patents-in-suit.  The inventions claimed in the patents-in-suit cover various computer

13   components including complementary metal-oxide semiconductor ("CMOS") image

14   sensors, embedded multimediacard ("eMMC") flash memory, and double data rate 3

15   ("DDR3") memory.  Two of the six patents-in-suit (the '276 and the '353 patent) are

16   directed to image sensors.  Round Rock served its preliminary infringement contentions

17   on ASUS on September 20, 2012.  Round Rock's preliminary infringement contentions

18   list several accused products for each patent.

19        On October 5, 2012, Round Rock served interrogatories on ASUS.  One of the

20   interrogatories sought information relating to, *inter alia*, the manufacturer name and

21   model number of the CMOS image sensors ASUS uses in the Accused Products for the

22   '353 and '276 patents.    In its November 8, 2012 Responses to Round Rock's

23   Interrogatories, ASUS provided a list of image sensors, by manufacture name and

24   model number, that it uses in some of its Accused Products.  One of the image sensors

25   ASUS identified in its interrogatory response was Himax Imaging's HM2050 CMOS

26   image sensor.  According to the discovery ASUS provided, this image sensor is a

27   component of one of the Accused Products Round Rock accused of infringing its image

28   sensor patents.

1    Accordingly, Round Rock served a subpoena on non-party Himax Imaging on

2  January 7, 2013 seeking discovery relating to this image sensor. After a series of

3  correspondence and meet and confers, Himax Imaging's counsel continues to refuse to

4  produce relevant documents related to this image sensor, and now sought to file this

5  instant motion.

6  **II.  ISSUE  IN  DISPUTE:  WHETHER  ROUND  ROCK  SHOULD  BE**

7  **ALLOWED TO SUBPOENA DOCUMENTS FROM HIMAX.**

8       **A.   Round Rock's Subpoena**

9    Pursuant to Local Rule 37-2.1, the text of Schedule A to Round Rock's subpoena,

10  is included herein:

11                **SCHEDULE A TO CIVIL SUBPOENA**

12                       **INTRODUCTION**

13    For a statement of your obligation in producing documents under this subpoena,

14  see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the

15  final page of the subpoena.

16              **DEFINITIONS AND INSTRUCTIONS**

17    1. "Himax," "You," or "Your" means Himax Imaging Incorporated and all

18  predecessors, subsidiaries, joint ventures, parents, affiliates, and other legal entities that

19  are wholly or partially owned or controlled by Himax, either directly or indirectly, and

20  including but not limited to *all* past or present directors, officers, agents, employees,

21  consultants, attorneys, and others acting on behalf of these same entities.

22    2. As used herein, "Round Rock" means Round Rock Research, LLC.

23    3. As used herein, "Plaintiff" means ASUSTeK Computer, Inc. and ASUS

24  Computer International.

25    4. As used herein, " this Action" means *ASUS Computer International v. Round*

26  *Rock Research, LLC and Round Rock Research, LLC v. ASUSTeK Computer, Inc. and*

27  *ASUS Computer International*, Civil Action No. 3: 12-cv-02099-WHA, in the United

28  States District Court for the Northern District of California.

4

1      5. As used herein, "Product" means any Himax image sensor, which You either
2  manufacture(d), sell, sold, or offered to sell to Plaintiff since 2005, or which Plaintiff
3  has in any other way procured through You directly or via any other entity, including
4  but not limited to the Himax HM2050 image sensor and the RTS520D PC camera
5  application controller.

6      6. "Person" means any natural person or individual, and any and all legal entities,
7  including without limitation, corporations, companies, firms, partnerships, joint
8  ventures, proprietorships, associations, governmental bodies or agencies, or other form
9  of business enterprise.

10      7. As used herein, "communication" means any transmission of information by
11  one or more persons and/or between two or more persons by any means, including
12  telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic
13  mail, other computer linkups, written memoranda, and face-to-face conversations.

14      8. As used herein, "and" and "or" shall be construed conjunctively and
15  disjunctively, so as to acquire the broadest possible meaning.

16      9. The term "any" includes "all," and the term "all" includes "any," and the terms
17  "any" and "all" shall each be construed to mean "each and every," so as to acquire the
18  broadest possible meaning.

19      10. As used herein, "include" and "including" shall be construed to mean
20  "without limitation," so as to acquire the broadest possible meaning.

21      11. The singular of any term includes the plural of that term, and the plural
22  includes the singular.

23      12. The singular and masculine form of a noun or pronoun shall embrace, and
24  shall be read and applied as, the plural or the feminine or neuter, as the particular
25  context makes appropriate and to give the noun or pronoun the broadest possible
26  meaning.

27      13. As used herein, "relating to" means, without limitation, identifying,
28  describing, discussing, concerning, assessing, stating, reflecting, constituting,

1   containing, embodying, tending to support or refute, or referring directly or indirectly
2   to the particular subject matter identified.

3       14. The term "concerning" means identifying, referring to, concerning, regarding
4   evidencing, demonstrating, summarizing, reflecting, constituting, containing,
5   embodying, mentioning, pertaining to, commenting upon, connected with, discussing,
6   describing, analyzing, showing, comprising, or relating to in any relevant way to a
7   particular subject, in whole or in part, either directly or indirectly.

8       15. The document requests herein shall be deemed to include any and all relevant
9   documents within the possession, custody or control of Himax, including documents
10  located in the files of any and all past and present association members, subsidiaries,
11  parents, sisters, partnerships, directors, officers, agents, representatives, employees,
12  attorneys, and accountants of Himax.

13      16. "Document" shall have the broadest meaning and scope ascribed under Rule
14  34 of the Federal Rules of Civil Procedure, and include all tangible things which come
15  within the meaning of the terms "writings and recordings" as used in Federal Rule of
16  Evidence 1001 and all electronically stored information. A draft or non-identical copy
17  is a separate document within the meaning of this term.

18      17. If, after conducting a reasonable investigation, a full answer cannot be
19  provided for any request for the production of documents, state that such is the case and
20  answer to the fullest extent possible, stating what responsive documents or information
21  are available, what documents or information cannot be provided, why the documents
22  or information are unavailable, and what efforts were made to obtain the unavailable
23  documents or information.

24      18. If any of the documents requested herein are no longer in your possession,
25  custody or control, you shall identify each such requested document by date, type of
26  document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving
27  copies, and to provide a summary of its pertinent contents.

28

6

19. If any document responsive to these requests has been destroyed, describe the content of such document, the locution of any copies of such document, and the date of such destruction.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show all sales of any of the Products to the Plaintiff, or procurement of any of the Products by the Plaintiff from You, including but not limited to sales records, shipment records, and bills of lading.

2. Documents sufficient to illustrate and explain the manufacture or fabrication of any of the Products, including but not limited to manuals, schematics, user guides, technical specifications, technical reports, and CMP recipes.

3. Documents sufficient to show the operation and use of any of the Products, including but not limited to manuals, schematics, user guides, technical specifications, and technical reports.

4. Documents sufficient to show the architecture of the Products sold to Plaintiff.

5. Documents sufficient to identify all names of all the Products, including internal working names, external names, commercially used names, and code names.

6. Documents sufficient to identify the locations relating to the design, assembly, fabrication, and manufacture of any of the Products.

7. Documents sufficient to show the process by which any materials, ingredients, or components (including but not limited to any wafers or semiconductors) are employed, used, or assembled in the manufacturing or fabrication process of any Product, including but not limited to any image sensor.

7

8. Documents sufficient to show the training of any Person involved in the process of manufacturing the Products, including but not limited to the processes of chemical mechanical polishing (CMP), dry etching, metals deposition, any type of chemical vapor deposition (CVD), photolithography, ion implantation, plasma deposition, and ion milling.

9. Documents sufficient to identify the manufacturers of any equipment used in any process relating to the manufacture, assembly, or fabrication of any Product (including any image sensor), including but not limited to the processes of CMP, dry etching, metals deposition, any type of CVD, photolithography, ion implantation, plasma deposition, and ion milling.

10. All communications between Plaintiff and You relating to Round Rock.

11. All communications between Plaintiff and You relating to the Products.

12. All communications between Plaintiff and You relating to this Action.

13. Documents and communications regarding any request for indemnification by Plaintiff in connection with patent infringement claims asserted by Round Rock.

14. Documents sufficient to show Your marketing, advertising, or promotion of the Products.

15. All documents relating to market demand for the Products including, but not limited to, market studies, technical reports, consultant reports, surveys, and any reports or studies relating to customer demand of any Product features or decisions to include or exclude any such features for any Product.

1   **B.    Non-Party Himax Imaging Corporation's Contentions - Round Rock**
2   **Should Not Be Allowed To Subpoena Himax Documents When No**
3   **Himax Products Are Identified in Round Rock's Infringement**
4   **Contentions.**
5       **1.    The Facts**
6           **a.    Summary**
7   On or about January 7, 2013, Himax Imaging in Irvine, was served with a
8   subpoena *duces tecum* ("the subpoena") by Round Rock Research LLC. A copy of the
9   subpoena is included above and attached as Exhibit 1[1]. The underlying case, which
10  was filed April 26, 2012, is a patent infringement declaratory judgment case *ASUS v.*
11  *Round Research LLC*, pending in NDCA before Judge Tigar (Case No. 12-cv-0299).
12  Ex. 2. Counsel for Himax Imaging served timely objections to the subpoena on
13  January 21, 2013 (Ex. 6), and the response date for the subpoena was continued by
14  agreement to March 14, 2013. Ex. 5.

15  For the last two months, the parties have been engaging in meet and confer
16  regarding the subpoena. Ex. 7-11. Initially, the issues between the parties pertained to
17  the scope of what was sought to be discovered. The subpoena purports to seek
18  production of documents from entities related to Himax Imaging in Irvine, including
19  entities located outside the United States, notably in Taiwan. Ex. 1, Schedule A, at ¶
20  1. Himax Imaging, Irvine, is an affiliate of a Taiwanese-based group of companies,
21  most of which are located in Taiwan. The part which is the main subject of the
22  subpoena, the Himax HM2050 image sensor, is made in Taiwan by a non-Himax
23  entity. J.S. Chou Decl. at ¶ 4. It is not made or sold in the United States. *Id.*

24  During the meet-and-confer process, counsel for Himax Imaging learned that the
25  Himax HM2050 image sensor, or indeed any Himax product, is not identified as an
26  "Accused Instrumentality" in the IC's that have been served by Round Rock in the
27  underlying litigation. O'Connor Decl. ¶ 9, Ex. 9. This was admitted by Round Rock's
28

---

[1] The Exhibits cited by Himax Imaging in this Motion are included as Exhibits to the Declaration of Daniel O'Connor (the "O'Connor Decl.").

9

1  counsel in a call on February 12, 2013. *Id.* Himax Imaging's counsel had no way of
2  knowing that no Himax product is identified in Round Rock's ICs, because the ICs are
3  marked confidential and they have not been made available to Himax Imaging's
4  counsel. Nonetheless, the point was raised in a call on February 12, 2013, and in
5  response to a direct question, Round Rock's counsel admitted that no Himax product is
6  identified in Round Rock's ICs. O'Connor Decl. at ¶ 9.

7      Once it became known that Round Rock's ICs did not identify any Himax
8  product as an Accused Instrumentality, Himax Imaging's made clear that is objected to
9  the subpoena on the basis that it sought discovery beyond the scope permitted under
10 the Patent Local Rules in NDCA. In the discussions that followed, Round Rock's
11 lawyer at first indicated they were considering moving to amend their ICs before the
12 presiding judge in NDCA, but ultimately they declined to follow that course.
13 O'Connor Decl. ¶¶ 9, 13. Nonetheless, they have refused to withdraw the subpoena,
14 and thus prompting the Himax Imaging to serve this joint stipulation pursuant to Local
15 Rule 37 and 45. *Id.*

16                    **b.    Status of the Underlying Case**

17      On April 26, 2012, ASUS filed a declaratory judgment action in the Northern
18 District of California against Round Rock on four patents. Ex. 2.    *Id.* Thereafter,
19 Round Rock filed a counterclaim for infringement. The parties filed a Joint Case
20 Management Statement on February 26, 2013. Ex. 3. According to the Joint Case
21 Management Statement, Round Rock served its Infringement Contentions on
22 September 20, 2012, and ASUS served its invalidity contentions on November 9, 2012.
23 *Id.* at p. 3, ¶ (f).

24      The parties are in the midst of claim construction. *Id.* The parties exchanged
25 proposed claim constructions and filed a Joint Claim Construction Statement on
26 January 11, 2013. *Id.* A claim construction tutorial is scheduled for April 16, 2013,
27 and a claim construction hearing is scheduled for April 30, 2013. *Id.* The cut-off date
28 for non-expert discovery is July 31, 2013. Ex. 4, at pg. 2, ¶ 5.

### c. The Subpoena

The subpoena seeks documents pertaining broadly to the design, manufacture, process for making, and sale of "any Himax image sensor" that was manufactured, sold, or offered for sale to ASUS since 2005, and particularly identifies the Himax HM2050 image sensor and a "RTS520D PC camera application controller". However, in a meet and confer call on March 12, 2013, Round Rock's counsel agreed that the subpoena applied only to the Himax HM2050 image sensor.

The product that is the subject of the subpoena, the HM 2050 image sensor, is made in Taiwan, not by any Himax entity but by a contact manufacturer. It is not made or sold in the United States.

Further, as explained below, the subpoena is vague, overly broad, and/or unduly burdensome in that it would purport to seek discovery of documents in the possession of entities not served with the subpoena that are located outside of the United States. The subpoena seeks documents from "Himax," which is defined as "all predecessors, subsidiaries, joint ventures, parents, affiliates, and other legal entities that are wholly or partially owned or controlled by Himax." Ex. 1 at 1, Schedule A, ¶¶ 4-5. This definition seeks to reach non-U.S. entities based in Taiwan. In addition, as mentioned, the single Himax product that is expressly identified by Round Rock in its subpoena, is not manufactured, sold, or offered for sale in the United States. *See* Declaration of J.S. Chou at ¶ 4.

### d. Himax Imaging Meet and Confer Attempts

Following service of the Round Rock subpoena, Round Rock agreed to an extension of the return date on the subpoena to March 14, 2013. Ex. 5. Shortly thereafter, Himax Imaging served objections to the subpoena on January 21, 2013. Ex. 6.

On January 31, 2013, counsel for Himax Imaging requested clarification regarding whether any Himax Imaging products were identified in Round Rock's ICs. Ex. 7. During a meet-and-confer call on February 12, 2013, counsel for Round Rock

1  acknowledged that no Himax products are identified in Round Rock's ICs. O'Connor
2  Decl. at ¶ 9 and Ex. 9.

3         Counsel for Himax Imaging explained that to obtain discovery relating to Himax
4  products not identified in its patent ICs, Round Rock should first file a motion for leave
5  to amend its ICs to identify those Himax products. *Id.* Counsel for Himax Imaging
6  explained that if Round Rock is granted leave to amend, then Round Rock could go
7  forward with the subpoena to take discovery from Himax as may be appropriate. *Id.* In
8  view of the fact that Round Rock's ICs do not identify any Himax product as an
9  Accused Instrumentality, counsel for Himax Imaging requested Round Rock to
10 withdraw its subpoena. *Id.*

11        Counsel for Round Rock advised that it was considering moving for leave to
12 amend it's ICs. *Id.* Since then, Round Rock has apparently decided not to move to
13 amend its ICs but it nonetheless is still seeking discovery on, via the subpoena, on
14 products not identified in its infringement contentions. O'Connor Decl. at ¶ 9.

15        On March 12, 2013, counsel for Round Rock and Himax Imaging conducted yet
16 another meet-and-confer. *Id.* at ¶ 13. During that call, counsel for Round Rock agreed
17 to limit the Round Rock subpoena to the products expressly identified in that subpoena
18 - i.e., the Himax HM2050 image sensor and the RTS520D PC camera application
19 controller. *Id.*     Round Rock's counsel, however, has refused to withdraw the its
20 subpoena. *Id.*

21        **2.    Legal Standard.**

22        In cases involving discovery from third parties, Rules 26 and 45 of the Federal
23 Rules of Civil Procedure[2] control.    Under Rule 45, a subpoena may command a
24 nonparty to produce designated documents, electronically stored information, or
25 tangible things in its possession, custody or control. *See* Fed. R. Civ. P.
26 45(a)(1)(A)(iii).  These items are properly discoverable if they relate to "any non-
27 privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).
28

---

[2] All references to a Rule or the Rules shall be to the Fed. R. Civ. P. unless otherwise indicated.

1  Only upon a showing of good cause and application to the Court may a party expand
2  the scope of discovery to "any matter relevant to the subject matter involved in the
3  action." *Id.*; see also 6 Moore's Federal Practice, § 26.41[1] (Matthew Bender 3d ed.)
4  ("The burden is on the party requesting discovery to expand the scope of discovery
5  beyond matters relevant to the parties' claims and defenses by seeking court
6  intervention.").

7      The Rules further provide that "[t]he court may, for good cause, issue an order to
8  protect a party or person from annoyance, embarrassment, oppression, or undue burden
9  or expense, including," *inter alia*, "forbidding the disclosure or discovery; specifying
10  terms... for the discovery; [and]... forbidding inquiry into certain matters, or limiting the
11  scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A)(B) and
12  (D).

13      Indeed, as a non-party, Himax Imaging is entitled to broader protection under
14  Rule 26(c). *WPIX Inc. v. Broad. Music, Inc.*, 2011 U.S. Dist. LEXIS 154908, at 7-8
15  (C.D. Cal. July 5, 2011) (citing *Dart Indus. Co. v. Westwood Chemical Co.*, 649 F.2d
16  646, 649 (9th Cir. 1980) (recognizing that it may be necessary to impose additional
17  restrictions on non-party discovery to protect third parties from harassment,
18  inconvenience, or disclosure of confidential information);; *Moon v. SCP Pool Corp.*,
19  232 F.R.D. 633, 638 (C.D. Cal. 2005) (noting that discovery restrictions may be even
20  broader where target is nonparty); *Arista Records LLC v. Lime Group LLC*, 2011 U.S.
21  Dist. LEXIS 20709, *9 (S.D.N.Y. Mar. 2, 2011) ("When balancing the relevance of a
22  particular discovery request against the burden of production, 'special weight [should
23  be given] to the burden on non-parties of producing documents to parties involved in
24  the litigation'" and noting "[w]here . . . discovery is sought from a non party, the Court
25  should be particularly sensitive to weighing the probative value of the information
26  sought against the burden of production on the non party" (citations omitted.)).

27      Further, the Court may mitigate the burden of discovery on a non-party by
28  ordering the requesting party to compensate the non-party for the reasonable costs of

1 producing the documents. *See* Fed. R. Civ. P. 45(c)(2)(B)(ii) (In ordering discovery by
2 a non-party, the Court must protect the non-party "from significant expense resulting
3 from compliance.").

4 **3. Argument**

5 **a. The Round Rock Subpoena Is An Impermissible**
6 **Attempt to Circumvent the Patent Local Rules in the**
7 **Northern District of California**

8 The Patent Local Rules ("PLRs") in the Northern District of California where the
9 Underlying Action is pending require the patent holder to serve ICs. The ICs must
10 identify "[s]eparately for each asserted claim, each accused apparatus, product, device,
11 process, method, act, or other instrumentality ('Accused Instrumentality') of each
12 opposing party of which the [plaintiff] is aware. This identification shall be as specific
13 as possible." PLR 3-1 (b). The rule requires not only naming or identifying a part or a
14 product as an Accused Instrumentality, but the patent holder must provide a claim chart
15 "identifying specifically where each limitation of each asserted claim is found within
16 each Accused Instrumentality." *Id.* at 3-1(c).

17 The rules do allow a party to amend the ICs, but "only by order of the court upon
18 a timely showing of good cause." PLR 3-6. Thus, if Round Rock they have good cause
19 to amend its ICs to expand the underlying case by including a Himax product as an
20 accused instrumentality, the applicable PLRs allow for it to file a motion seeking such
21 relief.

22 In view of the Patent Local Rule, the Northern District of California limits
23 discovery to the products specifically identified in a party's ICs. *Mediatek*, 2013 U.S.
24 Dist. LEXIS 19568, *5-11 (N.D. Cal. Feb. 13, 2013); *Kelora*, 2011 U.S. Dist. LEXIS
25 129859, *7-11 (N.D. Cal. Nov. 9, 2011) (denying discovery of products not accused in
26 ICs);; *Oracle America, Inc. v. Google Inc.*, 2011 U.S. Dist. LEXIS 109544, *10 (N.D.
27 Cal. Sept. 26, 2011) (striking portions of patentee's expert report as relating to products
28 not specifically identified in ICs); *Bender v. Freescale Semiconductor, Inc.*, 2010 U.S.

1 Dist. LEXIS 91281, *12 (N.D. Cal. Apr. 26, 2010) (limiting amendment of ICs to
2 products identified in original contentions); *Techs. Corp. v. Microsoft Corp.*, 2003 U.S.
3 Dist. LEXIS 22736, at * 8 (N.D. Cal. Nov. 26, 2003) (noting that the "purpose of
4 Patent Local Rule 3-1, however, is in fact to be nit picky, to require a plaintiff to
5 crystallize its theory of the case and patent claims."); *see also Samsung SDI Co. v.*
6 *Matsushita Elec. Indus. Co.*, 2007 U.S. Dist. LEXIS 90457, *7-10 (C.D. Cal. June 25,
7 2007) (interpreting and applying provisions of N.D. Cal. Local Patent Rule 3-1 and
8 generally noting that a party is entitled to discovery only on instrumentalities identified
9 in its ICs).

10      There is no dispute that Round Rock's ICs do not identify any Himax product as
11 an Accused Instrumentality. Exhibits 8 and 9. In *MediaTek* and in *Kelora,* the Court
12 prevented discovery of products not specifically identified in ICs. *Mediatek*, 2013 U.S.
13 Dist. LEXIS 19568, *5-11; *Kelora*, 2011 U.S. Dist. LEXIS 129859. Like the parties in
14 *MediaTek* and in *Kelora*, Round Rock should also be limited to its ICs in taking
15 discovery.

16      During the meet-and-confer process, Round Rock attempted to distinguish
17 *Kelora* and *MediaTek* on the grounds that in both of these cases "a party sought
18 discovery from *another party* regarding products that were not named as accused
19 products." Exhibit 8. This is a specious distinction. The scope of permissible
20 discovery against non-parties is no broader than the scope of permissible discovery
21 against parties. In fact, the case law suggests the exact opposite - discovery restrictions
22 may be broader where target is a non-party. *See WPIX,* 2011 U.S. Dist. LEXIS 154908,
23 at 7-8 (citing *Dart Indus. Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir.
24 1980) (recognizing that it may be necessary to impose additional restrictions on non-
25 party discovery to protect third parties from harassment, inconvenience, or disclosure
26 of confidential information); *Moon*, 232 F.R.D. at 638.

27      Further, during the meet-and-confer process, Round Rock argued that the
28 "Himax image sensor for which Round Rock seeks discovery is a component of an

1   accused product and was identified in discovery as an accused instrumentality of that
2   accused product." *Id.* Alleging that a sensor is a component of an accused product
3   does not absolve Round Rock's duty to comply with the Patent Local Rules of the
4   Northern District of California. If the Himax HM2050 image sensor formed any
5   relevant portion of ASUS' infringing apparatus, it should have identified as so in Round
6   Rock's ICs. Instead, Round Rock now merely asserts the Himax HM2050 image sensor
7   is a component in the ASUS' accused product. ASUS sells various computing devices,
8   and the assertion that the Himax HM2050 image sensor is a component of ASUS'
9   computing devices cannot be a sufficient basis for serving the overly broad subpoena -
10  which essentially seeks all documents related to patent infringement issues as if Himax
11  Imaging is the accused infringer. Round Rock has been accusing ASUS of infringing
12  its patents since as early as March 2011. *See* Exhibit 2, at 6, ¶ 10 (Declaratory
13  Judgment Complaint filed by ASUS).

14      Apparently what has occurred here is that, after Round Rock served its ICs -
15  which identify a non Himax image sensor as allegedly infringing. Round Rock became
16  aware via discovery of another image sensor used in ASUS' computers - a Himax
17  image sensor - which Round Rock now believes may also infringe. Under the case law,
18  what Round Rock should do under these circumstances is file a motion to amend its
19  ICs, and to thereby expand the case to include the HM2050 image sensor as an alleged
20  "Accused Instrumentality." *Mediatek*, 2013 U.S. Dist. LEXIS 19568, *10 (stating that
21  "[i]f a party identifies additional infringing products after service of the PICs, then it
22  must move to amend the PICs to include the additional accused products before seeking
23  discovery on them. This is the orderly process required by the Patent Local Rules and
24  the case law in this District.") This procedure was discussed with Round Rock's
25  counsel, and they indicated that they were consider filing such a motion to amend its
26  ICs.

27      To put this in context, one of the asserted patent in the underlying case, U.S.
28  Patent No. 6,765,276 is directed to an "image sensor system." Ex. 12 (the '276 patent).

1   All of the claims of this the '276 patent require an "image sensor system."  Obviously,
2   Round Rock's ICs that were served on September 20, 2012 must have identified a
3   specific image sensor by manufacturer and model number, and the ICs must have
4   included a claim chart specifically relating that image sensor to the asserted claims of
5   the '276 patent.    That is what the PLRs require.  However, the image sensor that is
6   identified in Round Rock's ICs is not a Himax image sensor - Round Rock's counsel
7   has admitted this.  O'Connor Decl. at ¶ 9.  Under the PLRs, Round Rock is allowed to
8   take discovery on the image sensor identified in its ICs - a non-Himax image sensor.
9   Nonetheless, Round Rock now wants to take discovery on a different image sensor
10  nowhere identified in its ICs.  It can do only if it moves to amend its ICs to add the
11  Himax image sensor as an Accused Instrumentality, and only if that motion is granted.

12        Allowing discovery into Himax products not identified in Round Rock's ICs that
13  were served over five months ago in September 2012, would allow Round Rock to
14  circumvent the Patent Local Rules in the Northern District of California.  Given that it
15  is undisputed that Round Rock's ICs do not identify any Himax products at all as
16  Accused Instrumentalities, the subpoena should be quashed as it seeks to circumvent
17  the applicable patent rules, and it seeks documents that are not relevant to the subject
18  matter of the pending action or not reasonably calculated to lead to the discovery of
19  admissible evidence. See Mailhoit v Home Depot USA, Inc., 285 F.R.D. 566, 572
20  (C.D. Cal. 2012) (noting that "discovery rules do not allow a requesting party 'to
21  engage in the proverbial fishing expedition, in the hope that there might be something
22  of relevance'") (citations omitted).

23                    **b.    Himax Imaging Does Not Have the Information Sought**
24                           **by Round Rock.**

25        The Round Rock subpoena identifies the following two products:  (1) a "Himax
26  HM2050 image sensor" and (2) a "RTS520D PC camera application controller."  The
27  "RTS520D PC camera application controller" is not a product that is manufactured or
28  sold by any Himax entity. *See* J.S. Chou Decl. at ¶ 3.  Further, as to the Himax

17

1  HM2050 image sensor, that sensor is manufactured in Taiwan by a contract
2  manufacturer, not by any Himax entity. *Id.* at ¶ 4. It is sold in Taiwan to AzureWave ,
3  Taiwanese company. *Id.* It is not manufactured, sold, or offered for sale in the United
4  States. *Id.* As such, Himax Imaging does not have the information sought by Round
5  Rock and any information or documents related thereto has no relevance to the
6  Underlying Action insofar as Himax Imaging is concerned.

7              c.      **Round Rock's Subpoena Is Overly Broad and Imposes**
8                      **an Undue Burden in that it would Seek Discovery of**
9                      **Documents Located Outside the United States. Imposes**
10                     **an Undue Burden and are Overly Broad**

11             "Courts have broad discretion to determine whether a subpoena is unduly
12 burdensome." *Anderson v. Abercrombie & Fitch Stores, Inc.*, 2007 U.S. Dist. LEXIS
13 47795 (S.D. Cal. July 2, 2007), citing *Exxon Shipping Co. v. United States Dep't of*
14 *Interior*, 34 F.3d 774 (9th Cir. Alaska 1994). "A subpoena is unduly burdensome
15 where it seeks to compel production of documents regarding topics unrelated to or
16 beyond the scope of the litigation." *Anderson*, 2007 U.S. Dist. LEXIS 47795 at *5,
17 *citing Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813-14 (9th Cir. 2003).

18             Here, the Round Rock subpoena broadly defines Himax Imaging located in
19 Irvine, California as "Himax Imaging Incorporated and all predecessors, subsidiaries,
20 joint ventures, parents, affiliates, and other legal entities that are wholly or partially
21 owned or controlled by Himax, either directly or indirectly, and including but not
22 limited to all past or present directors, officers, agents, employees, consultants,
23 attorneys, and others acting on behalf of these same entities discovery from any Himax
24 products." This definition is clearly overbroad and seeks to reach beyond the territorial
25 limits of the U.S. courts. While acknowledging that it is aware of the potential scope of
26 this definition, Round Rock has not offered to amend this definition. Himax Imaging
27 requests that the definition of "Himax" be limited to Himax Imaging only.

28

                                          18

1      **C.      Round Rock's Contentions: Round Rock's Subpoena Seeks Himax**
2      **Documents Relevant To The Claims And Defenses At Issue In The**
3      **Underlying Litigation**

4           **1.      Relevant Facts**

5           The relevant facts of this dispute are straightforward.  On January 7, 2013,
6  Round Rock served a subpoena for the production of documents on Himax Imaging,
7  Inc. ("Himax Imaging").  (Ex. A.)[3]  The subpoena sought documents relating to, *inter*
8  *alia*, Himax Imaging image sensor, HM2050.  (*Id.*)  After a series of correspondence
9  and meet and confers, Himax Imaging continues to refuse to produce documents
10  relating to this Himax Imaging product, despite that ASUS identified this product in
11  both its response to an interrogatory and in its document production, as being an image
12  sensor component of a product accused of infringing Round Rock's image sensor
13  patents in the underlying patent litigation.

14          ASUS Computer International filed the underlying lawsuit on April 26, 2012
15  seeking a declaratory judgment of non-infringement and/or invalidity on six Round
16  Rock Patents.  (D.I. 1.[4])  These patents include U.S. Patent Nos. 6,570,791, 6,765,276,
17  6,845,053, 6,930,949, 7,021,520, and 7,279,353.  (*Id.*)  These patents are directed at
18  technologies relating to certain computer components, including complementary metal-
19  oxide semiconductor ("CMOS") image sensors (the '276 and '353 patents), embedded
20  multimediacard ("eMMC") flash memory (the '791 and '520 patents), and double data
21  rate 3 ("DDR3") memory (the '949 patent).  On May 18, 2013, Round Rock answered
22  the complaint and filed counterclaims for infringement on all six patents against ASUS
23  Computer International and ASUSTeK Computer Inc. (D.I. 8.)

24          On September 20, 2012, Round Rock served on ASUS its preliminary
25  infringement contentions.  Round Rock's Preliminary Infringement contentions provide
26  ASUS with notice of Round Rock's infringement theories for the accused products for
27

28  ---
[3] All the Exhibits Round Rock cites in this Motion are included as Exhibits to the
Declaration of Lauren M. Nowierski.
[4] All references to docket numbers herein refer to Civ. A. No. 3:12-cv-2099 in the
District Court for the Northern District of California.

1  all six patents-in-suit.  These infringement contentions listed nineteen products that
2  infringe its image sensor patents-in-suit.  On October 5, 2012, Round Rock served on
3  ASUS its First Set of Interrogatories (Nos. 1-11).  Interrogatory No. 5 sought the
4  following information from ASUS:

> Identify each and every ASUS product containing a complementary-metal-oxide-semiconductor ("CMOS") image sensor, including but not limited to the Accused Products, which were made, used, licensed, distributed, sold, or offered for sale inside or outside the United States, or imported into the United States, by or for ASUS since May 18, 2006, including the following information for each: (a) the date each ASUS product listed therein was first offered or provided to customers, and to the extent it is no longer offered or provided to customers, the last date it was offered or provided, (b) the designation (i.e., name, model number and serial number, if any) of each product, including, but not limited to, any code names, PIDs, development names, or other internal identifiers; (c) the place(s) of manufacture and/or final assembly for such products; (d) the name of the entity or business units (including by not limited to subsidiaries, parents, affiliates, divisions) that made such products; and (e) identify the manufacturer name and model number for the CMOS image sensor.

17  (Ex. B.) On November 8, 2011, ASUS served its responses to Round Rock's First Set
18  of Interrogatories (Nos. 1-11).[5] ASUS's responses identified, *inter alia*, Himax
19  Imaging image sensor HM2050 as a component of one of the products Round Rock
20  accused ASUS of infringing its image sensor patents in its September 20, 2012
21  Preliminary Infringement Contentions.  On that same date, ASUS produced
22  documents responsive to Round Rock's First Set of Document Requests served on
23  September 28, 2012. (Ex. C.) One of the documents ASUS produced as part of that
24  production also identified that same image sensor as a component of one of the ASUS
25  products accused of infringing the image sensor patents.
26      On January 7, 2013, Round Rock served a subpoena on Himax Imaging to
27  discover information relating to the HM2050 image sensor. (Ex. A.) Round Rock

---

28  [5] ASUS's Responses to Round Rock's First Set of Interrogatories are not attached hereto because they are designated "Highly Confidential" pursuant to N.D. Cal. Local Rule 2-2.

1    served Himax Imaging with the subpoena because, based on the information

2    publically available on Himax Imaging's website, Round Rock has reason to believe

3    Himax Imaging has relevant information relating to that image sensor. For example,

4    Himax Imaging's website provides that "Himax Imaging is a fabless semiconductor

5    company *that develops CMOS Image Sensors* (CIS), System-on-Chip (SOC) and

6    wafer level camera solutions for next generation camera, video communication and

7    sensing applications." (Ex. D.) The "Quick Facts" provided on this same page

8    provides that California is the location of its Design Center for its imaging product.

9    (*Id.*) Given that Round Rock's subpoena is directed in part to information relating to

10    the design (or "architecture") of the Himax Imaging CMOS image sensor product,

11    Round Rock subpoenaed the entity it believed and still believes has information

12    relevant to the its infringement claims and / or ASUS's defenses in the underlying

13    lawsuit.

14        On Monday, January 14, 2013, Himax Imaging's counsel sought an extension for

15    the subpoena's return date to March 14, 2013, to which Round Rock's counsel agreed.

16    (Ex. E.) On January 21, 2013, Himax Imaging's counsel served by email objections to

17    Round Rock's subpoena. (Ex. F.) Among other things, Himax Imaging sought to

18    narrow the scope of the subpoena to only documents relating to the HM2050. (*See id.*

19    at 1.) Between the time Himax Imaging served its objections on January 21, 2013 and

20    this instant stipulation, Himax Imaging's counsel and Round Rock's counsel exchanged

21    correspondence and met and conferred on multiple occasions to attempt to reach

22    agreement on this subpoena. Although Round Rock disputes Himax Imaging's

23    characterizations of these meet and confers it set forth in Part II.B,1, above, the

24    majority of the details Himax Imaging provides above relating to Round Rock's

25    infringement contentions are not relevant to resolving the instant dispute. In one of the

26    meet and confers between Round Rock's counsel and Himax Imaging's counsel, Round

27    Rock's counsel agreed to the scope limitation relating to the HM2050 product in a good

28    faith attempt to prevent undue burden on Himax Imaging while still obtaining the

1 information necessary to resolve the infringement claims and defenses in the underlying
2 lawsuit.

3               **2.**   **Legal Standards**

4       Pursuant to the Federal Rules of Civil Procedure, "[p]arties may obtain discovery
5 regarding any nonprivileged matter that is relevant to any party's claim or defense" and
6 this "[r]elevant information need not be admissible at trial if the discovery appears
7 reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P,
8 26(b)(1). "[W]ide access to relevant facts serves the integrity and fairness of the
9 judicial process by promoting the search for truth." *Epstein v. MCA, Inc.*, 54 F.3d
10 1422, 1423 (9th Cir. 1995). A party may pursue these goals by issuing a subpoena
11 commanding a nonparty to produce documents, electronically stored information, or
12 tangible things in its possession, custody or control. *See* Fed. R. Civ. P. 45(a)(1)(D);
13 Fed. R. Civ. P. 45(a)(1)(A)(iii).

14       On timely motion, the court may quash or modify the subpoena. Fed. R. Civ. P,
15 45(c)(3)(A)-(B). Federal Rule of Civil Procedure 45(c)(3) sets forth conditions under
16 which the Court is required or permitted to quash or modify a subpoena. Fed. R. Civ.
17 P. 45(c)(3). In order to quash or modify a subpoena that allows a reasonable time to
18 produce documents that are neither privileged nor protected, the moving party must
19 prove that it is unduly burdensome. Fed. R. Civ. P. 45(c)(3)(A)(iv); *Televisa, S.A. de*
20 *C.V. v. Univision Commc'ns, Inc.*, No. 05-3444 PSG(MANx), 2008 WL 4951213, at
21 *1-*2 (C.D. Cal. Nov. 17, 2008). To determine whether a subpoena constitutes an
22 undue burden, courts balance six factors: (1) the relevance of the information
23 requested; (2) the need of the party for production; (3) the breadth of the request for
24 production; (4) the time period covered by the subpoena; (5) the particularity with
25 which the subpoena describes the requested production; and (6) the burden imposed.
26 *Televisa*, 2008 WL 4951213, at *1-*2.

27

28

22

3. **Argument**

    a. **Himax Imaging Has Not Met Its Burden To Quash or Modify Round Rock's Subpoena.**

Himax Imaging has not met its burden to quash or modify Round Rock's subpoena because Himax Imaging has not shown that the subpoena is unduly burdensome. Indeed, Himax Imaging has not even stated, let alone conducted, the relevant analysis for undue burden. Its bare assertion of undue burden rests entirely on mistaken applications of law.

Contrary to Himax Imaging's assertion, Round Rock's subpoena is not unduly burdensome as there is nothing "unrelated to" or "beyond the scope of" this litigation in Round Rock's request. Round Rock's subpoena seeks information relating to a particular Himax Imaging product, the HM2050, which ASUS identified as an image sensor component of an ASUS product Round Rock accuses of infringing the image sensor patents in the underlying case. Himax Imaging, through its carefully worded declaration, does not deny possessing *any* information relating to that product. Instead, Himax Imaging merely states that the Himax Imaging HM2050 is manufactured in Taiwan, and that it is sold to AzureWave in Taiwan. *See* J.S. Chou Decl. at ¶ 4. Himax Imaging notably makes no statements about where the product is designed, or where any of the documents relating to the product, including but not limited to its design, manufacture, and sales documents, are located. *Id.* Instead, Himax merely attempts to distract the Court by declaring that it does not manufacture or sell the component at issue in the United States.

Himax Imaging's first contention, that Round Rock's subpoena seeks documents that are not relevant to the pending action and not reasonably calculated to lead to the discovery of admissible evidence, is entirely hinged on its baseless and irrelevant assertion that Round Rock must specifically identify Himax Imaging's product in its preliminary infringement contentions to ASUS. Whether Himax Imaging's product is expressly identified as a component in Round Rock's

23

1  preliminary infringement contentions is irrelevant to whether Himax Imaging's
2  product is "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1).
3  Round Rock has accused several products of infringement in the underlying case.
4  Some of the claims Round Rock asserts against ASUS require an "image sensing
5  device." (Ex. F, at claim 1.) ASUS has identified Himax Imaging's HM2050 image
6  sensor as being the image sensor component included in at least one of the products
7  Round Rock accuses it of infringing the image sensor patents. Himax Imaging has
8  provided no case law that supports its apparent position that in a patent case,
9  discovery is expressly limited to what is particularly identified in a party's
10  infringement contentions. Because ASUS has specifically identified Himax
11  Imaging's HM2050 image sensor as a component of a product expressly listed and
12  analyzed in Round Rock's infringement contentions as infringing Round Rock's
13  image sensor patents, documents relating to this product are therefore directly relevant
14  to Round Rock's infringement claims and/or ASUS's defenses in the underlying
15  lawsuit.

16       Himax Imaging's second contention, that Round Rock's subpoena is overly
17  broad and imposes undue burden in that it would seek discovery of documents located
18  outside of the United States, is similarly without basis. While it is difficult to discern
19  exactly what Himax Imaging argues with regard to the territorial limits of U.S. courts,
20  Rule 45 does not on its face create limitations based on the location of documents.
21  Further, "[p]aragraph (a)(2) makes clear that the person subject to the subpoena is
22  required to produce materials in that person's control whether or not the materials are
23  located within the District or within the territory within which the subpoena can be
24  served." Fed. R. Civ. Proc. 45, Committee Notes, 1991 Amendment Subdivision
25  (a)(emphasis added); *see also* 9 JAMES WM. MOORE ET AL., MOORE'S
26  FEDERAL PRACTICE para. 45.03 (3d ed. 2000) ("The subpoena should issue from
27  the Court where the production of documents is to occur, regardless of where the
28  documents are located."); 9A CHARLES ALAN WRIGHT AND ARTHUR R.

24

1  MILLER, FEDERAL PRACTICE AND PROCEDURE § 2456 at 31 (1995 & 2003
2  Supp.) ("Even records kept beyond the territorial jurisdiction of the district court
3  issuing the subpoena may be covered if they are controlled by someone subject to the
4  court's jurisdiction."). That the documents in Himax Imaging's possession, custody,
5  or control may be located overseas does not itself make a subpoena overbroad or
6  unduly burdensome. *See, e.g., Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 147-
7  48 (S.D.N.Y. 2011). Regardless, as Round Rock has set forth above, Himax Imaging
8  has not provided any information either in its briefing or in its communications with
9  Round Rock's counsel, on where documents relating to its HM2050 image sensor are
10  located, nor has it provided any information relating to whether Himax Imaging
11  possesses any documents relating to the design, manufacture, or sales of the product.

12      Moreover, Round Rock has met and conferred with Himax Imaging's counsel in
13  good faith in an attempt to reduce the burden of responding to Round Rock's subpoena.
14  To that end, Round Rock's counsel agreed to limit the subpoena to the HM2050 image
15  sensor that ASUS identified. Himax Imaging, however, has entirely refused to produce
16  documents relevant to the outcome of the underlying patent infringement claims due to
17  its mistaken impression that what ASUS provided in discovery is irrelevant and that
18  Round Rock must specifically identify Himax Imaging's component in its infringement
19  contentions before Himax Imaging should be required to provide discovery.

20                      **b.    Himax Imaging's Arguments Relating to Round Rock's**
                             **Infringement Contentions Distract The Court From The**
21                           **Ultimate Issue**

22      Round Rock does not accuse Himax Imaging's products of infringement in the
23  underlying case, and, therefore, Himax Imaging's arguments concerning Patent Local
24  Rule 3-1 only distract the Court from the real disputed issue. The underlying case
25  concerns ASUS's products. That Himax Imaging's image sensor products are not
26  directly referenced in Round Rock's preliminary infringement contentions has no
27  bearing on whether ASUS has sufficient notice of Round Rock's allegations of
28  infringement and no relevance at all to whether Round Rock may seek discovery from

                                            25

1  Himax Imaging.

2      The HM2050 image sensor that Himax refuses to produce documents concerning
3  has been specifically identified by defendant ASUS as contained in an accused product.
4  Himax's arguments focused on whether its products have been specifically named in
5  Round Rock's infringement contentions are inapposite.  Patent Local Rule 3-1(b),
6  which Himax Imaging quotes, only discusses disclosure of products from "each
7  opposing party"—in this case, ASUS.  P.L.R. 3-1(b).  Thus, non-party's Himax
8  Imaging's arguments that Round Rock is somehow skirting the local rule are misplaced.

9      As Himax Imaging acknowledges, Round Rock already pointed out that its
10  infringement contentions specifically identify accused ASUS products during the meet
11  and confer process.  But, nevertheless, Himax Imaging continues to baselessly assert
12  that its products must also be particularly identified in Round Rock's infringement
13  contentions despite the plain language of Patent Local Rule 3-1(b).  Himax Imaging
14  further insists, again without basis, that Round Rock must move to amend its
15  infringement contentions because ASUS has identified Himax Imaging's product as a
16  component of the accused image sensor system.  Himax Imaging conflates Round
17  Rock's duty to adhere to the local patent rules with its duty to seek discovery on issues
18  relating to claims or defenses at issue in the litigation.

19                          c.      **Himax Imaging Has Information Round Rock Seeks**

20      Himax Imaging contends that it does not have the information Round Rock
21  seeks, but it never addresses all of the information Round Rock subpoena seeks.
22  Indeed, Himax Imaging makes no statements relating to the possession, custody, or
23  control of that information.  It attempts to substantiate its claim by producing the
24  declaration by J.S. Chou, one of its managers, stating that the HM2050 image sensor
25  is manufactured by a contract manufacturer and not by any Himax entity.  *See* J.S.
26  Chou Decl. at ¶¶ 3, 4.

27      Even if true, however, that statement does not establish that Himax Imaging
28  lacks information Round Rock seeks.  Round Rock's subpoena to Himax Imaging

1  requests, for example, "[d]ocuments sufficient to show the operation and use of any of
2  the Products, including but not limited to manuals, schematics, user guides, technical
3  specifications, and technical reports" where products includes the Himax HM2050
4  image sensor. (Ex. A at Schedule A ¶ 3.) Further, Round Rock's subpoena also seeks
5  "[d]ocuments sufficient to show the architecture of the Products sold to plaintiff." (Id.
6  at Schedule A ¶ 4.) Where and by whom the HM2050 image sensor is manufactured
7  does not provide any information regarding the use, operation, or design of Himax's
8  product, and does not shed light on Himax Imaging's possession of that information.

9       Himax Imaging's unrelated declarations are only an attempt to divert attention to
10 the tangential questions of who manufactures and sells the products. Indeed, it would
11 be hard for Himax Imaging to disclaim knowledge of its own product. As Himax
12 Imaging's own website makes clear, it develops image sensors to be fabricated
13 elsewhere. (Ex. D.) Those development activities take place in, for example, Irvine,
14 California, where Himax designs and develops CMOS image sensors. (Id.) Himax
15 Imaging's counsel's statement that "Himax Imaging does not have the information
16 sought by Round Rock" seems entirely unsupported by the declaration it submits from
17 Himax Imaging itself and is contrary to what Himax Imaging publicly admits to be
18 true.

19 **III.  CONCLUSION**

20      **A.   Non-Party Himax Imaging's Conclusion.**

21      Based on the foregoing, Himax Imaging requests that the court quash the
22 subpoena. If the Court declines to quash the subpoena, then Himax Imaging requests
23 entry of a protective order that addresses and resolves the concerns set forth in this joint
24 stipulation.

25 ////
26 ////
27 ////
28 ////

1    **B.     Round Rock's Conclusion.**

2         Based on the foregoing, Round Rock requests that the Court deny Himax

3    Imaging's request that it quash Round Rock's subpoena, and Himax's alternate request

4    for entry of a protective order.

5

6    Dated: March 26, 2013                    Respectfully submitted,

7                                             **STEPHENS FRIEDLAND LLP**

8

9                                             By :
10                                               J. Gregory Dyer
                                                 Attorneys for Non-Party Himax
11                                               Imaging Corp.

12
                                             **BLACK CHANG & HAMILL LLP**
13
     Dated: March 25, 2013
14                                           By : /s/ Peter H. Chang

15                                           Attorneys for Round Rock Research, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

28