Daniel J. O'Connor (*pro hac vice*)
Omar Galaria (*pro hac vice*)
**Baker & McKenzie LLP**
300 E. Randolph Street
Chicago, IL 60601
Telephone: +1 312 861 8000
Facsimile:  +1 312 925 7153
Daniel.O'Connor@bakermckenzie.com
Omar.Galaria@bakermckenzie.com

Todd G. Friedland (SBN 187022)
**Stephens Friedland LLP**
4695 MacArthur Court, Suite 310
Newport Beach, CA 92660
Telephone: +1 949.468.3200
Facsimile: +1 949.468.3201
todd@sf-lawyers.com

*Attorneys for Non-Party Himax Imaging Corp.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>Defendant. | **Case No. 2:13-cv-02176-SJO-(FFMx)**<br>**Magistrate Frederick F. Mumm**<br>**Related Action Pending in the United States Court for the Northern District of California (3:12-cv-02099)**<br>**HIMAX IMAGING CORP.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS RULE 37 JOINT STIPULATION FOR AN ORDER QUASHING ROUND ROCK'S SUBPOENA *DUCES TECUM*** |
| ROUND ROCK RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Defendants. | Date:          May 14, 2013<br>Time:          10:00 a.m.<br>Courtroom:  E<br>Judge:          Frederick F. Mumm |

I.   **UNDER THE CASE LAW, DISCOVERY IS LIMITED TO PRODUCTS IDENTIFIED IN A PARTY'S INFRINGEMENT CONTENTIONS.**

In its portion of the Joint Stip. (Dkt. 20), Round Rock erroneously asserts that "Himax Imaging has provided no case law that supports its apparent position that in a patent case, discovery is expressly limited to what is particularly identified in a party's infringement contentions." *See* Joint Stip. at pg. 24, ll. 7-10 (Dkt. 20). There is strong case law on this point cited by Himax Imaging on pages 14-15 of the Joint Stip: *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, 2007 U.S. Dist. LEXIS 90457, at *7-10 (C.D. Cal. June 25, 2007); *Mediatek, Inc. v. Freescale Semiconductor, Inc.*, 2013 U.S. Dist. LEXIS 19568, at *5-11 (N.D. Cal. Feb. 13, 2013); *Kelora Sys., LLC v. Target Corp.*, 2011 U.S. Dist. LEXIS 129859, at *7-11 (N.D. Cal. Nov. 9, 2011).

In *Samsung,* Matsushita argued that "the limitation of discovery to the products . . . named in . . . infringement contentions is contrary to law because 'it impermissibly narrows the scope of Federal Rule of Civil Procedure 26(b).'" *Samsung,* 2007 U.S. Dist. LEXIS 90457, at *7 (C.D. Cal. June 25, 2007). This Court disagreed and affirmed Magistrate Judge Hillman's ruling that discovery was limited to "specific Samsung PDP modules listed by model number that were accused of infringement . . . in its preliminary infringement contentions." *Id.* at *5, 9-10, 14. In affirming Magistrate Judge Hillman's decision, this Court noted that "infringement contentions may narrow the scope of required discovery" and that such a limitation on discovery in patent cases "is not contrary to the law." *Id.* at *10.

Similarly, in *Mediatek,* the Court noted that "[i]f a party identifies additional infringing products after service of the PICs [Preliminary Infringement Contentions], then it **must** move to amend the PICs to include the additional accused products before seeking discovery on them. This is the orderly process required by the Patent Local Rules and the case law in this District." *Mediatek,* 2013 U.S. Dist. LEXIS 19568, at *10 (N.D. Cal. Feb. 13, 2013) (emphasis added). Likewise, in *Kelora* the Court prevented discovery of products not specifically identified in Infringement Contentions

1   (ICs). *Kelora*, 2011 U.S. Dist. LEXIS 129859, at *7-11 (N.D. Cal. Nov. 9, 2011).

2    Round Rock fails to distinguish these cases, and offers no controlling authority to
3   support its argument that it should be allowed to take discovery on Himax products
4   when no Himax products or components are identified in its ICs.  As the courts have
5   held in *Samsung, MediaTek,* and *Kelora,* Round Rock's discovery should be limited to
6   products identified in its ICs.  Because the HM2050 sensor is not identified in its ICs,
7   Round Rock should not be allowed to seek discovery on this sensor.

8   **II.   ASUS' IDENTIFICATION OF A HIMAX SENSOR AS A COMPONENT**
8   **OF AN ACCUSED PRODUCT DOES NOT MAKE DOCUMENTS**
9   **RELATING TO THAT SENSOR DISCOVERABLE.**

10   Round Rock attempts to justify its failure to identify Himax products in its ICs
11  on the grounds that "[b]ecause ASUS has specifically identified Himax Imaging's
12  HM2050 image sensor as a component of a product expressly listed and analyzed in
13  Round Rock's infringement contentions as infringing Round Rock's image sensor
14  patents, documents relating to this product are therefore directly relevant to Round
15  Rock's infringement claims and/or ASUS's defenses in the underlying lawsuit." Dkt.
16  20 at pg. 24. This excuse cannot remedy Round Rock's failure to identify Himax
17  sensors or products in its ICs.

18   One of the asserted patents in the underlying case is U.S. Patent No. 6,765,276
19  ("the '276 patent").  Ex. 12 (Dkt. 21, at pgs. 76-83).  All of the claims of the '276 patent
20  require an "image sensor system."  *Id.*  Under the Patent Local Rules (PLRs), Round
21  Rock's ICs that were served on September 20, 2012 must have identified a specific
22  image sensor by manufacturer and model number, and the ICs must have included a
23  claim chart specifically relating that image sensor to the asserted claims of the '276
24  patent. *See* Patent L.R. 3-1 (N.D. Cal. December 1, 2009).

25   Round Rock did not identify any Himax sensors as being an accused infringing
26  sensor in its ICs.  Nevertheless, it now wants to take discovery on the Himax image
27  sensor that it did not identify anywhere in its ICs.  O'Connor Decl. at ¶ 9 (Dkt. 21).
28  Round Rock could have identified the Himax HIM2050 when it served its infringement

1 contentions five months ago in September 2012. Round Rock has been accusing ASUS
2 of infringing its patents since as early as March 2011. *See* Exhibit 2, at 6, ¶ 10
3 (Declaratory Judgment Complaint filed by ASUS). Despite the ample opportunity,
4 Round Rock has not identified the publically available Himax sensor in its contentions.

5 Under the case law noted in Section I, *supra*, Round Rock should first file a
6 motion to amend its ICs to include additional products or components. That is what
7 Himax requested Round Rock to do in the Northern District of California during the
8 meet and confer, but Round Rock has refused to do so, necessitating this motion
9 practice. Only if the motion to amend Round Rock's ICs is granted, only then it may
10 seek discovery on those additional products or components. Allowing discovery into
11 Himax products not identified in Round Rock's ICs, would allow Round Rock to
12 circumvent the PLRs in the Northern District of California.

13 Further, the interrogatory on which Round Rock relies on is so broad to include
14 products not accused of infringing the asserted patents in the underlying case.
15 Specifically, Round Rock's Interrogatory No. 5 states:

16 Identify each and every ASUS product containing a complementary-
17 metal-oxide-semiconductor ("CMOS") image sensor, ***including but not***
18 ***limited to the Accused Products***, which were made, used, licensed,
19 distributed, sold, or offered for sale inside or outside the United
20 States . . . including the following information for each: . . . (e) identify
21 the manufacturer name and model number for the CMOS image sensor.

22 *See* Ex. B (Dkt. 23); *see* Dkt. 20, at pg. 20, ll. 5-16. Such a fishing expedition from a
23 third party should not be allowed. Round Rock should follow the Local P.R.s of N.D.
24 Cal. where its case against ASUS is pending.

25 **III.  ROUND ROCK FAILS TO SHOW THAT IT CANNOT OBTAIN THE**
26 **INFORMATION IT SEEKS FROM ASUS.**

27 In deciding whether to enforce or to quash a subpoena, the court must engage in
28 a balancing test that "calls upon the court to consider whether the information is

3

1  necessary and unavailable from any other source." 9A Charles Alan Wright & Arthur

2  R. Miller, Federal Practice and Procedure S 2463 (2d ed. 1995).  Courts routinely

3  refuse to enforce subpoenas where other, less burdensome avenues have not been

4  reasonably exhausted in obtaining the information sought. *Nidec Corp. v. Victor Co. of*

5  *Japan*, 2007 U.S. Dist. Lexis 48841, at *6-7 (N.D. Cal. July 3, 2007) (granting motion

6  to quash subpoena where "the vast majority of the discovery sought from [the third

7  party] is discovery obtainable from a source more direct, convenient, and less

8  burdensome-namely, from Defendants" and stating "[t]here is simply no reason to

9  burden nonparties when the documents sought are in possession of the party

10  defendants."); *In re DaimlerChrysler AC Sec, Litig.*, 216 F.R.D. 395, 4O4 (E.D. Mich.

11  July 2, 2003) (denying motion to compel third party depositions on the basis that the

12  issuing party had not attempted to obtain the information from other sources, even

13  though such attempts would require compliance with the Hague Convention).

14      Here, Round Rock has failed to show that it cannot obtain the information it

15  seeks from ASUS.  ASUS is a party in the underlying action, and N.D. Cal. has

16  jurisdiction over ASUS.  Obtaining documents and information from ASUS is far

17  more convenient, less burdensome, and less expensive than forcing non-parties like

18  Himax Imaging to search for documents.

19  **IV.  HIMAX IMAGING HAS MET ITS BURDEN TO QUASH OR MODIFY**
20  **     ROUND ROCK'S SUBPOENA**

21      Round Rock incorrectly argues that Himax has not met its burden to quash or

22  modify its subpoena.  To determine whether a subpoena constitutes an undue burden,

23  courts balance six factors: (1) the relevance of the information requested; (2) the need

24  of the party for production; (3) the breadth of the request for production; (4) the time

25  period covered by the subpoena; (5) the particularity with which the subpoena

26  describes the requested production; and (6) the burden imposed. *Televisa S.A. de C.V.*

27  *v. Univision Communs., Inc.*, 2008 U.S. Dist. LEXIS 106382 (C.D. Cal. Nov. 17,

28  2008).

As to the first factor, as noted above and as explained in the Himax Imaging's portion of the Joint Stipulation, the Himax HM2050 sensor is not relevant to the underlying case as it is not identified in Round Rock's infringement contentions. "A subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of the litigation." *See Anderson*, 2007 U.S. Dist. LEXIS 47795 at *5, *citing Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813-14 (9th Cir. 2003).

As to the second factor, Round Rock has not established that it cannot obtain the documents it needs from ASUS. The remaining factors, including breadth, burden imposed, and particularity, also support Himax Imaging's position to quash Round Rock's subpoena.  Round Rock's subpoena broadly defines Himax Imaging located in Irvine, California as "Himax Imaging Incorporated and all predecessors, subsidiaries, joint ventures, parents, affiliates, and other legal entities that are wholly or partially owned or controlled by Himax, either directly or indirectly, and including but not limited to all past or present directors, officers, agents, employees, consultants, attorneys, and others acting on behalf of these same entities discovery from any Himax products."  This definition requests information from "all past or present" employees. In balancing these factors, Round Rock's subpoena should be quashed.

## V.   CONCLUSION

Himax Imaging requests that the court quash the subpoena.  If the Court declines to quash the subpoena, then Himax Imaging requests entry of a protective order that addresses and resolves the concerns set forth in this joint stipulation.

Dated: April 30, 2013                    Respectfully submitted,
                                         **STEPHENS FRIEDLAND LLP**
                                         Todd G. Friedland
                                         By : /s/ Todd G. Friedland
                                         Attorneys for Non-Party Himax
                                         Imaging Corp.

Dated: April 30, 2013                    **BAKER & McKENZIE LLP**
                                         Daniel O' Connor
                                         By : /s/ Daniel O'Connor
                                         Attorneys for Non-Party Himax
                                         Imaging Corp.

5