BLACK CHANG & HAMILL LLP
Peter H. Chang (SBN 241467)
pchang@bchllp.com
Bradford J. Black (SBN 252031)
bblack@bchllp.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone:   415-813-6210
Facsimile:   415-813-6222

*Attorneys for*
*Round Rock Research, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL,<br><br>*Plaintiff*,<br><br>v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>*Defendant*.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>*Counterclaim Plaintiff*,<br><br>v.<br><br>ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>*Counterclaim Defendants*. | No. 2:13-cv-02176 SJO (FFMx)<br><br>**DISCOVERY MATTER**<br><br>**Related Action Pending in the United States Court for the Northern District of California (3:12-cv-2099)**<br><br>**ROUND ROCK'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO NON-PARTY HIMAX CORP.'S JOINT STIPULATION FOR AN ORDER QUASHING ROUND ROCK'S SUBPOENA *DUCES TECUM***<br><br>Date:         May 14, 2013<br>Time:        10:00 a.m.<br>Courtroom: E<br>Judge:       Frederick F. Mumm |

The cases cited by Himax provide no basis for limiting discovery here. First, *Samsung SDI Co. Ltd. v. Matsushita Elec. Indus. Co.*, U.S. Dist. LEXIS 90457 (C.D. Cal. June 25, 2007) is inapplicable. As recognized by subsequent courts, *Samsung* does not stand for the proposition that discovery should be limited to the accused devices—the exact proposition for which Himax relies upon the case. *Barnes & Noble, Inc. v. LSI Corp.*, 2013 U.S. Dist. LEXIS 3597, at *5 (N.D. Cal. Jan. 9, 2013). As noted by the *Barnes & Noble* court, the *Samsung* parties had a prior understanding that they would limit discovery to the accused products only. *Id*. There is no such agreement between the parties in the suit at issue here. Moreover, *Samsung* involved one party seeking discovery of additional products the accused infringer produced that the patent holder speculated were potentially infringing. *Samsung*, U.S. Dist. LEXIS 90457, at *5. The request at issue here involves the very products Round Rock charted in its infringement contentions—ASUS's infringing products. ASUS itself identified Himax as having information relevant to its infringement.[1]

*Kelora Sys., LLC v. Target Corp.*, 2011 U.S. Dist. Lexis 129859 (N.D. Cal. Nov. 9, 2011) and *Mediatek, Inc. v. Freescale Semiconductor, Inc.*, 2013 U.S. Dist. LEXIS 19568 (N.D. Cal. Feb. 13, 2013) are equally inapplicable. The Courts in *Kelora* and *Mediatek* faced similar factual scenarios. In *Mediatek*, the plaintiff sought discovery from the defendant accused infringer on products the defendant produced that the plaintiff had not identified in its infringement contentions. *Mediatek*, 2013 U.S. Dist. LEXIS 19568 at *4-*5. Likewise, in *Kelora*, the Court addressed a motion to compel discovery of additional websites that had not been listed in its Local Patent

---

[1] Addressing Federal Rule of Civil Procedure 26(b), the *Samsung* Court determined that because the defendants did not have a reasonable basis to suspect that additional products infringed the patents-in-suit, denying their request "[was] not contrary to law." *Samsung*, U.S. Dist. LEXIS 90457 at *10. It did not, as Himax suggests, note that "'infringement contentions may narrow the scope of required discovery' and that such a limitation on discovery is patent cases 'is not contrary to the law.'" (D.I. 24, at 1.)

Rule 3-1 disclosures. 2011 U.S. Dist. Lexis 129859, at *7. As Round Rock has repeatedly informed Himax, Round Rock is seeking discovery concerning the infringement of ASUS products it specifically identified in its infringement contentions. Whether Round Rock is entitled to discovery concerning additional ASUS products is not even at issue here.

Although the courts in *Mediatek* and *Kelora* may have limited discovery in some way, neither court limited discovery as it relates to products specifically accused of infringement. Ultimately, the *Mediatek* Court determined that the defendant in that case could not be required to "produce voluminous discovery related to every product which [it] determine[ed] contains any particular feature." 2013 U.S. Dist. LEXIS 19568 at *6. It did not, however, determine that the plaintiff could not seek discovery concerning the products expressly accused of infringement. Similarly, the *Kelora* Court determined that the defendants could not be forced to guess at which other websites they controlled met the plaintiff's allegations of infringement. 2011 U.S. Dist. Lexis 129859 at *8. But Round Rock has not asked Himax to guess at ASUS's infringement. Rather, Round Rock seeks discovery of Himax image sensors that are contained in ASUS products it has accused of infringement and specifically listed in its infringement contentions. Himax has not provided a single case that denies discovery relating to accused products.

**ROUND ROCK'S CONCLUSION**

Based on the foregoing and its arguments set forth in the Joint Stipulation (Dkt. 20), Round Rock respectfully requests that the Court deny Himax Imaging's request that it quash Round Rock's subpoena, and Himax's alternate request for entry of a protective order.

| | | |
|---|---|---|
| 1 | Dated: April 30, 2013 | Respectfully submitted, |
| 2 | | BLACK CHANG & HAMILL LLP |
| 3 | | |
| 4 | | By: /s/ Peter H. Chang |
| 5 | | *Attorneys for*<br>*Round Rock Research, LLC* |