BLACK CHANG & HAMILL LLP
Peter H. Chang (SBN 241467)
pchang@bchllp.com
Bradford J. Black (SBN 252031)
bblack@bchllp.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone:   415-813-6210
Facsimile:   415-813-6222

*Attorneys for Round Rock Research, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL,<br><br>*Plaintiff*,<br><br>v.<br><br>ROUND ROCK RESEARCH, LLC,<br><br>*Defendant*. | No. 2:13-cv-02176 SJO (FFMx)<br><br>Assigned to Hon. S. James Otero<br><br>Magistrate Frederick F. Mumm<br><br>Related Action Pending in the United Related Action Pending in the United States Court for the Northern District of California (3:12-cv-2099) |
| ROUND ROCK RESEARCH, LLC,<br><br>*Counterclaim Plaintiff*,<br><br>v.<br><br>ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>*Counterclaim Defendants*. | **ROUND ROCK'S MEMORANDUM IN OPPOSITION TO NON-PARTY HIMAX IMAGING CORP.'S MOTION TO REVIEW AND MODIFY RULING OF MAGISTRATE JUDGE PURSUANT TO FRCP 72(A)**<br><br>Date:          July 1, 2013<br>Time:          10:00 a.m.<br>Courtroom:   1 – 2nd Floor<br>Judge:          Hon. S. James Otero |

1   Non-party Himax Imaging Corp.'s ("Himax") Motion to Review and Modify

2   Ruling of Magistrate Judge Pursuant to FRCP 72(a) should be denied.  Himax has not

3   met its burden to show that Magistrate Judge Mumm's ruling is either "clearly

4   erroneous" or "contrary to law," and therefore their motion for review must be denied.

5   Furthermore, Himax has still not produced any documents in response to Round

6   Rock's subpoena, and therefore, has not complied with the Magistrate's Order (D.I. 30

7   at 6-7).  Since Himax has not complied with the order and has not moved for a stay in

8   conjunction with its motion (nor has one been granted), Himax has violated Local

9   Rule 72-2.2,[1] and accordingly, Round Rock Research, LLC ("Round Rock") reserves

10   the right to seek appropriate sanctions in connection with this briefing.[2]

11   **I.    Facts**

12   ASUS Computer International filed the underlying action[3] in the U.S. District

13   Court for the Northern District of California on April 26, 2012 seeking a declaratory

14   judgment of non-infringement and invalidity of six Round Rock patents:  U.S. Patent

15   Nos.  6,570,791,  6,765,276,  6,845,053,  6,930,949,  7,021,520,  and  7,279,353

---

[1] Local Rule 72-2.2 provides unambiguously that "***[r]egardless of whether a motion for review has been filed***, the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge."  Furthermore, Himax also did not follow this Court's standing order, which requires parties to comply with Local Rule 7-3 when seeking review of a magistrate judge's discovery order and to file such motions within ten days of a written ruling.  Himax filed its motion within thirteen days of Magistrate Judge Mumm's written order.  (*See* D.I. 30, 35.)

[2] Himax is subject to sanctions under the Local Rules for its willful, grossly negligent and/or reckless disobedience of the Magistrate's order.  L.R. 83-7 ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.").

[3] The underlying action is *ASUS Computer International v. Round Rock Research, LLC*, Civ. A. No. 3:12-2099-JST (N.D. Cal.).

1  (collectively "the patents-in-suit").   Round Rock counterclaimed against ASUS
2  Computer International and ASUSTeK Computer Inc. (collectively, "ASUS") for
3  infringement of all six patents-in-suit.  Two of the six patents (the '276 patent and the
4  '353 patent) are directed to technology found in CMOS (complementary metal-oxide
5  semiconductor) image sensors, which can be found in certain ASUS desktop, laptop,
6  and tablet computers.

7      Round Rock served its preliminary infringement contentions on ASUS on
8  September 20, 2012 in accordance with Local Patent Rule 3-1.  Round Rock's
9  preliminary infringement contentions contained claim charts for each patent-in-suit
10  and listed several accused products for each patent.  Round Rock accused 19 ASUS
11  computers of infringing the two image sensor patents.

12      On October 5, 2012, Round Rock served interrogatories on ASUS.  (D.I. 23,
13  Ex. B.)  Interrogatory No. 5 sought, *inter alia*, the manufacturer name and model
14  number for each CMOS image sensor contained in those 19 accused ASUS products.
15  In its November 8, 2012 Responses to Round Rock's Interrogatories, ASUS provided
16  a list of image sensors, by manufacture name and model number, that it uses in a
17  subset of the accused products.  ASUS's interrogatory response revealed that some
18  accused products contain more than one model of image sensor, and at least two
19  accused products contain the Himax HM 2050 image sensor.

20      After receiving ASUS's interrogatory responses, Round Rock served a
21  subpoena *duces tecum* on non-party Himax Imaging on January 7, 2013.  Round
22  Rock's subpoena seeks documents relating to the single Himax product (the HM 2050
23  image sensor) that ASUS identified in its interrogatory responses as being a
24  component of at least two accused products.  (D.I. 23, Ex. A.)  Himax did not produce
25  any documents in response and moved to quash the subpoena on March 26, 2013.
26  (D.I. 19, 20.)  Magistrate Judge Mumm granted-in-part and denied-in-part Himax's
27  motion to quash.   (D.I. 30.)   That ruling ultimately ordered Himax to produce
28  "sufficient documentation regarding the design and construction of each version of the

HM 2050 image sensor for Round Rock to be able to determine whether or not such image sensor contains any, all or a subset of elements described in either or both Exhibits B and F to Round Rock's ICs within 20 days of the date of this order." (D.I. 30 at 6-7.) Himax neither complied with that order nor moved for a stay of that order, but is now moving to review and modify that ruling.

## II.   Applicable Legal Standards

### A.   Standard of Review

28 U.S.C. § 636(b)(1)(A) provides that a district court may reconsider a magistrate judge's determination of non-dispositive, pretrial matters if the magistrate's order is "clearly erroneous or contrary to law." *See, e.g.*, *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1167-68 (C.D. Cal. 1998), *aff'd*, 216 F.3d 1082 (9th Cir. 2000). The "clearly erroneous" standard applies to a magistrate judge's finding of fact and the "contrary to law" standard applies to purely legal determinations. *E.g.*, *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010). The party seeking reconsideration has the burden to show that the Magistrate Judge's order is clearly erroneous or contrary to law. *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, No. 1:11-cv-00030, 2013 U.S. Dist. LEXIS 13853, at *10 (E.D. Cal. Jan. 31, 2013).

The "clearly erroneous" standard requires the district court to "arrive at a 'definite and firm conviction that a mistake has been committed.'" *Quezada v. Scribner*, No. 04-07532-RSWL, 2011 WL 4899910, at *1 (C.D. Cal. Oct. 13, 2011) (quoting *Folb*, 16 F. Supp. 2d at 1168); *see also Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). The "clearly erroneous" standard is "significantly deferential," "the district judge may not simply substitute his or her judgment for that of the magistrate judge." *Crispin*, 717 F. Supp. 2d at 971 (quotation omitted); *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 984 (N.D. Cal. 2012) (citing *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)). "[W]here the magistrate's decision concerns an evidentiary question of

1   relevancy, the Court must review the magistrate's order with an eye toward the broad

2   standard of relevance in the discovery context." *Folb*, 16 F. Supp. 2d at 1168 n.2

3   (quotation omitted).

4       The "contrary to law" standard "permits independent review of purely legal

5   determinations by the magistrate judge." *Crispin*, 717 F. Supp. 2d at 971 (quotation

6   and citation omitted).  In other words, a magistrate's purely legal conclusions are

7   reviewed *de novo*.  *E.g.*, *Franco-Gonzalez v. Holder*, No. 10-02211, 2010 U.S. Dist.

8   LEXIS 144168, at *13 (C.D. Cal. Oct. 18, 2010); *McCullough v. City of Rialto*, 2007

9   U.S. Dist. LEXIS 101975, at *6 (C.D. Cal. Jan. 4, 2007).

10   ## B.   Relevance Standard

11      Pursuant to the Federal Rules of Civil Procedure, "[p]arties may obtain

12   discovery regarding any nonprivileged matter that is relevant to any party's claim or

13   defense" and this "[r]elevant information need not be admissible at trial if the

14   discovery appears reasonably calculated to lead to the discovery of admissible

15   evidence."  Fed. R. Civ. P. 26(b)(1).  "[W]ide access to relevant facts serves the

16   integrity and fairness of the judicial process by promoting the search for truth."

17   *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995).  A party may pursue these

18   goals by issuing a subpoena commanding a nonparty to produce documents,

19   electronically stored information, or tangible things in its possession, custody or

20   control.  *See* Fed. R. Civ. P. 45(a)(1)(D); Fed. R. Civ. P. 45(a)(1)(A)(iii).

21      On timely motion, the court may quash or modify the subpoena.  Fed. R. Civ. P.

22   45(c)(3)(A)-(B).  Federal Rule of Civil Procedure 45(c)(3) sets forth conditions under

23   which the Court is required or permitted to quash or modify a subpoena.  Fed. R. Civ.

24   P. 45(c)(3).  In order to quash or modify a subpoena that allows a reasonable time to

25   produce documents that are neither privileged nor protected, the moving party must

26   prove that it is unduly burdensome.  Fed. R. Civ. P. 45(c)(3)(A)(iv); *Televisa, S.A. de*

27   *C.V. v. Univision Commc'ns, Inc.*, No. 05-3444 PSG(MANx), 2008 WL 4951213, at

28   *1-*2 (C.D. Cal. Nov. 17, 2008).  To determine whether a subpoena constitutes an

undue burden, courts balance six factors: (1) the relevance of the information requested; (2) the need of the party for production; (3) the breadth of the request for production; (4) the time period covered by the subpoena; (5) the particularity with which the subpoena describes the requested production; and (6) the burden imposed. *Televisa*, 2008 WL 4951213, at *1-*2.

## III.   Argument

Himax has not met its burden to show that Magistrate Judge Mumm's ruling (D.I. 30) is either "clearly erroneous" or "contrary to law."  Therefore, the Court should deny their motion for review.

### A.   Magistrate Judge Mumm's Ruling Is Not "Clearly Erroneous"

Because Himax cannot demonstrate with "definite and firm conviction that a mistake has been committed," Himax has not met its burden to show that Judge Mumm's ruling is "clearly erroneous."  *Quezada*, 2011 WL 4899910, at *1.   Himax's briefing does not even allege that Magistrate Judge Mumm erred in any factual findings.  Indeed, Himax's memorandum of law in support of its motion for review only makes conclusory allegations that Magistrate Judge Mumm's conclusion is "clearly erroneous," but provides no support that any of the factual findings are erroneous.  (D.I. 35 at 5.)  Moreover, Himax even suggests that the Magistrate Judge's order summarized the factual background of the case well.  (*Id.* at 3.)  Accordingly, because Himax does not even address any factual findings of the court and did not allege that any such factual findings were erroneous, Himax did not meet its burden.

### B.   Magistrate Judge Mumm's Ruling Is Not "Contrary To Law"

Himax alleges that Magistrate Judge Mumm's ruling is clearly erroneous and contrary to law because it requires Himax to produce documents and orders discovery into the HM2050 sensor.   (D.I. 35, at 4-5.)   However, Judge Mumm's ruling is entirely consistent with the relevancy standards applied to third party discovery, the Northern District of California Patent Local Rules, and the case law of that district,

and therefore is not "contrary to law."  Because Magistrate Judge Mumm's ruling is not contrary to law and because Himax did not show that Judge Mumm's ruling is contrary to law, Himax's motion for review must be denied.

### 1.   Round Rock's subpoena seeks discovery relevant to ASUS's infringement of Round Rock's patents.

Himax notably does not allege—and cannot allege— that the discovery Round Rock seeks is not relevant to the claims and defenses in the underlying matter or is not reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).  Indeed, the documents Round Rock seeks relating to the Himax HM 2050 image sensor are unquestionably related to resolving Round Rock's infringement claims and/or ASUS's non-infringement claims and defenses in the underlying litigation and are reasonably calculated to lead to the discovery of admissible evidence.  In the underlying litigation, after being sued by ASUS who was seeking a declaratory judgment of non-infringement for all of its products as to the six patents-in-suit, Round Rock accused 19 ASUS products of infringing the two patents-in-suit directed to image sensing devices.   In an interrogatory response, ASUS identified Himax's HM2050 image sensor as an image sensing device included in at least two of the accused ASUS products.  Because ASUS has specifically identified Himax Imaging's HM2050 image sensor as a component of a product expressly listed and analyzed in Round Rock's infringement contentions as infringing Round Rock's image sensor patents, documents relating to this product are therefore directly relevant to Round Rock's infringement claims and/or ASUS's non-infringement claims and defenses in the underlying lawsuit.

### 2.   Round Rock's subpoena seeks discovery related to claims involving the accused products in the above-captioned litigation and is therefore not prohibited by the local rules or case law for the Northern District of California.

Himax has not met its burden to show that Magistrate Judge Mumm's ruling is contrary to the Local Patent Rules or related case law.  Round Rock does not seek –

1    and Himax has not shown that Round Rock seeks - information in contravention to the

2    Local Patent Rules for the Northern District of California.  Indeed, Round Rock seeks

3    discovery relating to a single Himax component—the HM2050—that plaintiff and

4    counterclaim defendant ASUS identified in discovery as a component of two accused

5    ASUS products in the underlying case.

6              **a.    The Patent Local Rules do not require Round
                       Rock to identify all components present in all
7                      accused products its infringement contentions.**

8            Himax alleges that Round Rock must specifically identify Himax's products in

9    the infringement contentions served in Round Rock's case against ASUS before

10   seeking discovery from Himax.  However, Himax's position is not supported by the

11   Patent Local Rules or the Northern District of California case law.  The Patent Local

12   Rules only require that Round Rock identify ASUS's products that it accuses of

13   infringing the patents-in-suit.  P.L.R. 3-1(b) ("Separately for each asserted claim, each

14   accused apparatus, product, device, process, method, act, or other instrumentality

15   ("Accused Instrumentality") *of each opposing party of which the party is aware*."

16   (emphasis added)).  According to this Rule, Round Rock provided its preliminary

17   infringement contentions to ASUS after reverse engineering a representative sample

18   of ASUS's products, which demonstrated that at least some of the accused products

19   contained Omnivision image sensors.

20           In support of its position, and in an attempt to complicate a straightforward

21   issue – Himax relies upon cases that address plaintiffs' duty to identify a defendant's

22   accused products and which are entirely inapposite to the issue addressed here.  (*See*

23   D.I. 35 at 6 (citing *MediaTek, Inc. v. Freescale Semiconductor, Inc.*, 2013 U.S. Dist.

24   LEXIS 19568, at *5-*11 (N.D. Cal. Feb. 13, 2013); *Kelora Sys., LLC v. Target Corp.*,

25   2011 U.S. Dist. LEXIS 129859, at *7-*11 (N.D. Cal. Nov. 9, 2011); *Oracle Am., Inc.*

26   *v. Google Inc.*, 2011 U.S. Dist. LEXIS 109544, at *10 (N.D. Cal. Sept. 26. 2011);

27   *Bender v. Freescale Semiconductor, Inc.*, 2010 U.S. Dist. LEXIS 91281, at *12 (N.D.

28   Cal. Apr. 26, 2010); *InterTrust Techs. Corp. v. Microsoft Corp.*, 2003 U.S. Dist.

1   22736, at *8 (N.D. Cal. Nov. 26, 2003)).)   In this case, Round Rock seeks relevant

2   discovery relating to a component the defendant specifically identified as included in

3   two products Round Rock accused – not discovery relating to an unidentified or non-

4   accused ASUS product.   Moreover, in this particular case, Round Rock seeks

5   discovery on an accused ASUS product in a case where ASUS themselves brought

6   suit seeking a declaratory judgment that all of "ASUS' products and services do not

7   infringe and have not infringed, directly or indirectly, literally or under the Doctrine of

8   Equivalents, any valid claim of the '791, '276, '053, '949, '520, or '353 patents."

9   (D.I. 1 at 16 in Civ. A. No. 3:12-2099 (N.D. Cal.).)

10          Himax has not identified any authority that expands a plaintiff's duty to identify

11   accused products beyond what is required by Patent Local Rule 3-1(b).   Every

12   decision that Himax relies upon for the proposition that discovery is limited to the

13   products specifically identified in a plaintiff's infringement contentions has two

14   highly relevant characteristics.   First, each decision concerns a plaintiff's duty to

15   identify a defendant's products that are accused of infringement, not a third-party's

16   components. *MediaTek*, 2013 U.S. Dist. LEXIS 19568, at *4; *Kelora*, 2011 U.S. Dist.

17   LEXIS 129859, at *7; *Oracle*, 2011 U.S. Dist. LEXIS 109544, at *7; *Bender*, 2010

18   U.S. Dist. LEXIS 91281, at *3-*4; *InterTrust*, 2003 U.S. Dist. 22736, at *5.   Second,

19   each decision derives that requirement to identify a defendant's accused products from

20   Local Patent Rule 3-1(b).   *MediaTek*, 2013 U.S. Dist. LEXIS 19568, at *3; *Kelora*,

21   2011 U.S. Dist. LEXIS 129859, at *9-*10; *Oracle*, 2011 U.S. Dist. LEXIS 109544, at

22   *6-*7; *Bender*, 2010 U.S. Dist. LEXIS 91281, at *4; *InterTrust*, 2003 U.S. Dist.

23   22736, at *4-*5.   That is unsurprising, because "[t]he Patent Local Rules require a

24   plaintiff to disclose its patent claims, the defendant's products that allegedly infringe

25   the patent claims, and how they do so," not every third-party component that the

26   defendant's accused products include.   *InterTrust*, 2003 U.S. Dist. 22736, at *3.

27   Round Rock is only required to identify ASUS's infringing products, which it

28   indisputably did.

1   Furthermore, as a practical matter it would be nearly impossible for any party to

2   identify all third party components in each accused product. Under the current

3   circumstances of this industry, manufacturers may have multiple suppliers for the

4   same components in identical products. Thus, there is no practical way for Round

5   Rock – or any patentee – to purchase all versions of all of the infringing products to

6   discover all third party component information prior to serving its Infringement

7   Contentions. The Local Patent Rules simply do not demand a patentee to purchase

8   and reverse engineer countless products in an attempt to determine whether all third

9   party components have been found and ultimately named in its infringement

10  contentions.

> **b.    Round Rock is entitled to certain discovery from Himax because such discovery is related to claims involving accused products identified in Round Rock's infringement contentions.**

13  Authority Himax itself relies upon, and that the Magistrate Judge acknowledged

14  in its Order, explicitly allows discovery in this circumstance where discovery is

15  related to claims involving accused products. The *MediaTek* court addressed a

16  plaintiff's motion to compel the defendant to respond to discovery that was related to

17  products not accused of infringement in the plaintiff's preliminary infringement

18  contentions. 2013 U.S. Dist. LEXIS 19568, at *1-*2. That court determined the

19  plaintiff was not entitled to discovery from the defendant related to products that were

20  not accused of infringement; however, it made clear that the plaintiff was entitled to

21  such discovery if it was related to the claims involving the accused products. *Id.* at *6

22  ("Since the additional products on which MediaTek seeks discovery have not been

23  accused in this case, MediaTek is not entitled to discovery as to those products (***unless***

24  ***such discovery is somehow related to the claims involving the accused products***)."

25  (emphasis added)). Magistrate Judge Mumm cited the *MediaTek*, acknowledging that

26  discovery is allowed if it is related to claims involving the accused products. (D.I. 30

27  at 5.) As the Court contemplated in *MediaTek*, Round Rock only seeks discovery

relating to its claims involving accused products:  it seeks discovery relating to the HM 2050, which ASUS clearly identified as a component of two explicitly accused products.

## IV.  CONCLUSION

For the foregoing reasons, Round Rock respectfully requests that this Court deny Himax's Motion to Review and Modify Magistrate Judge Mumm's ruling, and affirm Magistrate Mumm's Report and Recommendation.  Moreover, in view of Himax's violation of Local Rule 72-2.2, Round Rock respectfully reserves the right to seek its costs in connection with this motion and seek an order to compel Himax to immediately comply with Magistrate Judge Mumm's order.


Dated:  June 10, 2013                              Respectfully submitted,

                                                   BLACK CHANG & HAMILL LLP


                                          By:   /s/ Peter H. Chang
                                                *Attorneys for*
                                                *Round Rock Research, LLC*